IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

ELIAS GROUP, LLC,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA,

        Defendant,

and

VISION PLANNING & CONSULTING, LLC,

        Defendant-Intervenor.

**Redacted Version**

Case No. 17-1490

Hon. Robert H. Hodges, Jr.

## MOTION TO FILE SURREPLY

Plaintiff Elias Group, LLC ("Elias") moves this Court for permission to file a surreply in response to defendant's motion to dismiss. Defendant's motion to dismiss asserted arguments concerning Elias's original complaint in this matter. After the motion to dismiss was filed, Elias significantly amended the complaint, as the Court's rules permit. Ct. Fed. Cl. R. 15(a)(1)(B). Elias then submitted its opposition to the Defendant's motion on November 17, 2017, principally arguing that the amendment of the complaint had rendered the motion to dismiss moot. On November 28, 2017, Defendant filed a reply brief. The reply brief is not limited to arguments stated in the Defendant's motion. Instead, it makes many new arguments concerning the new allegations and grounds of protest in the First Amended Complaint. Elias has never had the opportunity to address any argument that the First Amended Complaint should be dismissed. Accordingly, Elias respectfully asks the Court to consider the brief surreply attached to this motion.

Respectfully submitted this 1st day of December, 2017.

/s/ Jessica C. Abrahams
DENTONS US LLP
jessica.abrahams@dentons.com
1900 K Street, NW
Washington, District of Columbia 20006
Telephone No.:  (202) 496-7500
Facsimile No.:  (202) 496-7756
*Counsel for Elias Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2017, I electronically filed the foregoing via the Court's CM/ECF system, which automatically generates a notice of filing to all Counsel of Record in this matter.

/s/ Jessica C. Abrahams

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| ELIAS GROUP, LLC, | |
|         Plaintiff, | Case No. 17-1490 |
| v. | Hon. Robert H. Hodges, Jr. |
| THE UNITED STATES OF AMERICA, | |
|         Defendant, | |
| and | |
| VISION PLANNING & CONSULTING, LLC, | |
|         Defendant-Intervenor. | |

## ELIAS GROUP, LLC'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Elias Group, LLC ("Elias") files the following Surreply in opposition to the Motion to Dismiss ("Motion to Dismiss") filed by Defendant, the United States of America, acting through the U.S. Department of Homeland Security, Federal Emergency Management Agency ("FEMA").

### DISCUSSION

**I.    Defendant Mischaracterizes Elias's Protest of Disparate Treatment.**

Grounds I and II of Elias's First Amended Complaint[1] concern FEMA's disparate treatment of Elias and the eventual awardee, Vision Planning & Consulting ("VPC"), in the evaluation and competitive range determination phases of the procurement.   Defendant

---

[1] As set forth in Elias's motion to file this Surreply, Defendant's Motion to Dismiss did not address Elias's First Amended Complaint.  As a result, this Surreply responds to new arguments submitted for the first time in Defendant's Reply and to which Elias has had no other opportunity to respond.

fundamentally fails to address these protest grounds. Instead, it attempts to divide and conquer by characterizing Elias's protest as two separate claims addressed, first, to the unreasonable evaluation of Elias's proposal and, separately, to the unreasonable evaluation of VPC's proposal. Neither of Defendant's claims represents what Elias has pleaded, and the Motion to Dismiss fails as a result.

Elias's First Amended Complaint sets forth grounds of protest that are completely distinct from any regarding individual technical evaluation results and the specific nature of the technical evaluation. Instead, Elias challenges FEMA's failure to treat Elias and VPC equally when it permitted VPC to remain in the competition while excluding Elias. *See* Am. Compl. ¶¶ 73-90. And, for its part, Defendant does not dispute that the law requires evenhanded and equal treatment in the evaluation and competitive range determination phases of a procurement. FAR 15.306(e)(1) ("Government personnel involved in the acquisition shall not engage in conduct that . . . Favors one offeror over another."). Nor does Defendant take issue with the well-established principle that a protest may be sustained on this distinct ground where the government does not meet that standard of treating offerors equally in the establishment of the competitive range. *L-3 Commc'ns EOTech, Inc. v. United States*, 83 Fed. Cl. 643, 653 (2008) ("[T]he Army's narrowing of the competitive range based on a test which is "do or die" for one proposal, then relaxed or waived for others, is irrational."). FEMA's obligation to treat offerors fairly and equally in evaluating and setting a competitive range — and not its separate obligation to produce an evaluation of each proposal that is reasonable standing on its own — is the basis for Elias's protest.

Instead of addressing this protest ground, Defendant's motion attacks a straw-man by deliberately misconstruing Elias's protest as two separate claims. In so doing, Defendant asserts

that Elias has waived the right to challenge one of those claims, *i.e.,* FEMA's evaluation of

Elias's proposal, and that, as a result, Elias does not have standing to challenge the second claim,

*i.e.,* the evaluation of VPC's proposal.[2]   While creative, this deliberately self-serving

misrepresentation of the First Amended Complaint ignores Elias's actual claims of disparate

treatment in the evaluation and competitive range determination. Elias's protest grounds cannot

and should not be so misconstrued and artificially divided and dismissed piecemeal as the

Defendant proposes. There is absolutely no legal basis for this Court to do so here.

It should not be controversial that Elias has standing to protest unequal treatment but for

which it would have been included in the competitive range and likely awarded the contract.

There can be no dispute that Elias is an offeror ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮. Nor is there any merit to Defendant's contention that Elias's grounds were

untimely, as there is no dispute that Elias had no reason to know of FEMA's decision ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ until FEMA made and announced the award decision. The

Court should reject Defendant's arguments and find that Elias has stated a timely protest of

disparate treatment, of which it has standing to bring.

## II.   The Court Should Reject Defendant's Contention that Elias Should Have Filed a Protest Before Its Grounds of Protest Even Occurred or Could Have Been Known.

Defendant's reply brief concedes that "since the Federal Circuit decided *COMINT*, the

Court has considered post-award protests by plaintiffs alleging errors in competitive range

determinations . . . ." Reply Br. at 8 (citing *Prescient, Inc. v. United States*, 125 Fed. Cl. 475,

---

[2] Defendant's argument that Elias has "conceded" any aspect of the Original Complaint is
irrelevant and inaccurate. There is nothing to concede, because the Original Complaint is not the
active pleading in this case. Nor is there anything unusual in amending a complaint once the
record is filed. In fact, the purpose of filing Elias's First Amended Complaint was simply to
make abundantly clear Elias's disparate treatment grounds for protest.

481-82 (2016); *CliniComp International, Inc. v. United States*, 117 Fed. Cl. 722, 731, 735

(2014)). It simply claims that such consideration should not be accorded Elias in this case.

Defendant's attempt to distinguish these cases is unavailing, especially so when Elias's First

Amended Complaint is given a fair reading, and it is considered on the basis of the First

Amended Complaint's plain language. The crucial factor for timeliness in these cases is that, as

here, the protester learned of its basis of protest after contract award. In this case, Elias did not

learn of its basis of protest — disparate treatment — in a pre-award debriefing. It is undisputed

that FEMA's pre-award debriefing did not disclose that VPC, unlike Elias, ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That fact, and the necessary conclusion that FEMA had

treated offerors ▮▮▮▮▮▮▮▮▮▮▮▮▮ disparately, only became evident when FEMA

announced the award to VPC, and Elias's protest was timely filed soon thereafter.

Despite its admission that the Court can and does hear cases of this nature after award

when circumstances only become apparent at that time, Defendant advances a series of bizarre

theories to the effect that Elias should have protested FEMA's disparate treatment at various

points in time before the disparate treatment even occurred and before Elias had reason to know

of it. Defendant even suggests that Elias should have filed a speculative protest to gain access to

FEMA's evaluation records so that it could have learned of its protest grounds. The Court

should reject these arguments as unsupported by law and contrary to common sense and sound

policy.

First, Defendant asserts that Elias should have submitted its protest in October 2016.

This is nonsense. FEMA did not engage in the unequal treatment and make the evaluations and

competitive range determination at issue in this case until March of 2017, and it is patently

impossible that Elias could have protested those events before they happened.  Moreover, to the extent Defendant argues that Elias should have protested its own technical evaluation results in 2016, that point is a *non sequitur*, because, again, this case is not a protest of Elias's technical ratings, but a protest of FEMA's disparate treatment of ███████ in evaluating and setting a competitive range.

Second, Defendant contends that Elias should have protested FEMA's corrective action in response to 2M Research Services, LLC's ("2M") protest in December 2016.  Again, this argument is illogical:  in December 2016, the challenged conduct — FEMA's unequal treatment of Elias and VPC — had not yet occurred.  The unequal treatment in this case occurred after the implementation of FEMA's corrective action, which it took in response to the protest filed by 2M at the Government Accountability Office ("GAO").  Elias is not required to submit a protest alleging that FEMA may potentially, in the future, engage in unequal treatment when it conducts a procurement.  The idea that Elias is required to file a protest before FEMA engaged in the improper action that is the subject of this case should be considered only to the extent it undermines Defendant's credibility in this case.

Third, Defendant argues that Elias should have protested after it was notified of its exclusion from the competitive range.  This argument at least refers to a point in time that is chronologically after the challenged procurement actions, but it still lacks any merit.  In fact, Defendant devotes a significant amount of its Reply to claim that Elias should have filed a protest after its pre-award debriefing on the basis of pure speculation that FEMA had treated it and VPC disparately and then used the Administrative Record to discover its protest grounds.  It is dismaying that counsel for Defendant would even suggest such a filing.  Not only is the position contrary to law, but the filing likely would be dismissed for failure to state a claim and

possibly subject counsel to sanctions. Indeed, if parties were allowed to file speculative protests just to see what the record might reveal (and particularly if the agency so happened to violate the law and engage in unequal treatment), federal procurement would grind to a halt.

The Court should reject Defendant's numerous arguments concerning the timeliness of the First Amended Complaint. The simple truth is that, as Defendant concedes, this Court can and does hear post-award protests of competitive range determinations where the basis of protest is revealed after award. That is the case here. FEMA did not disclose that it treated offerors disparately ████████████████████████████████████████████ ██████████ until it announced the award decision. As a result, Elias's protest is timely.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Defendant's Motion to Dismiss.

Respectfully Submitted,

/s/ Jessica C. Abrahams
Jessica C. Abrahams
Dentons US LLP
1900 K Street NW
Washington, D.C. 20006
Tel: (202) 496-7204
Fax: (202) 496-7756
jessica.abrahams@dentons.com

*Counsel for Elias Group, LLC*

Of Counsel:

Joanne Zimolzak
Thomas Rath
Katherine L. Veeder
Deborah Rodin
*Counsel for Elias Group, LLC*

Dated: December 1, 2017

6